1 **MAKLER & BAKER LLP**
TERRY L. BAKER  (SBN 214365)
2 226 E. Canon Perdido Street, Suite J
Santa Barbara, CA 93101
3 Tel:    (805) 965-4651
Fax:    (805) 965-4671
4
Attorneys for Plaintiff
5 MARK HOUSTON

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MARK HOUSTON, | Case No. |
| Plaintiff, | **COMPLAINT FOR DAMAGES** |
| vs. | Song-Beverly Warranty Act |
| | Magnuson-Moss Warranty Act |
| GUARANTY RV, INC., a corporation, | [DEMAND FOR JURY TRIAL] |
| Defendant. | |

Plaintiff alleges as follows:

## **JURISDICTION**

**1.** This Court has original jurisdiction over this matter pursuant to 28 U.S.C. § 1331, because the action alleges claims pursuant to 15 U.S.C. § 2310. The Court has jurisdiction over the supplemental state law claims pursuant to 28 U.S.C. § 1367.

## **PARTIES**

**2.** As used in this Complaint, the word "Plaintiff" shall refer to Plaintiff Mark Houston.

**3.** As used in this Complaint, the word "Guaranty" shall refer to Defendant GUARANTY RV, Inc. named in this Complaint

///

///

# FIRST CLAIM FOR RELIEF
## BY PLAINTIFF AGAINST GUARANTY
## BREACH OF IMPLIED WARRANTY--SONG-BEVERLY CONSUMER WARRANTY ACT

**4.**     On or about January 31, 2005, Plaintiff purchased a 2005 Country Coach Inspire, VIN #4U7K6ES1251104652 ("vehicle"), from Guaranty for a total sale price of $451,287.20.  The vehicle was manufactured and expressly warranted by Country Coach, Inc. ("Country").

**5.**     In connection with the transaction, Country issued to Plaintiff express warranties within the meaning of Cal. Civil Code § 1791.2, which are also written warranties within the meaning of 15 U.S.C. § 2301(6).  By the terms of the express written warranties, Country promised that the vehicle's material and workmanship was defect free, undertook to preserve and maintain the utility and performance of the vehicle and to provide compensation if there is a failure in utility or performance, and agreed to refund, repair, replace, or take other remedial action with respect to the vehicle.

**6.**     Plaintiff purchased the vehicle primarily for personal, family or household purposes.

**7.**     At the time of sale, and during the first year of plaintiff's ownership, the vehicle was unfit for the purposes for which it was intended to be used and would not pass without objection in the trade.  The vehicle contained defects such as an improperly installed satellite dish, solar panels, and roof air conditioning unit.  The improper installation of the above components allowed water to intrude into the vehicle causing substantial damage to the vehicle.  The satellite dish and solar panels were installed by Guaranty.  The roof air conditioning unit was improperly installed by Country.

**8.**     Additionally, the vehicle contained either defective paint, or the vehicle was improperly painted causing the paint on the exterior of the vehicle to fail.

**9.**     Plaintiff is a "buyer" as defined by Cal. Civ. Code § 1791(b).

**10.**    The vehicle is a "consumer good" as defined by Cal. Civ. Code § 1791(a).

**11.**    Guaranty is a "retail seller" as defined by Cal. Civ. Code § 1791(l).

**12.**    Plaintiff's purchase of the vehicle was a "sale" as defined by Cal. Civ. Code

1791(n).

**13.**  Pursuant to Cal. Civ. Code § 1792, the vehicle was accompanied by the implied warranties of merchantability.

**14.**  Pursuant to Civil Code § 1793, and because of the existence of the express warranty, Defendant may not disclaim, limit, or modify the implied warranties provided by the Song-Beverly Act.

**15.**  Defendant breached the implied warranty of merchantability of Civil Code §§ 1791.1 and 1792 in that the above-described defects, malfunctions, and nonconformities render the vehicle unfit for the ordinary purposes for which it is used and it would not pass without objection in the trade

**16.**  Pursuant to Civil Code § 1794(a), Plaintiff is entitled to restitution.

**17.**  As a direct and proximate result of said breach of implied warranty, Plaintiff has sustained, and continue to sustain, incidental and consequential damages in the approximate amount of $450,000.00.

**18.**  Pursuant to Civil Code § 1794(d), Plaintiff is entitled to reasonable attorney fees according to proof.

**SECOND CLAIM FOR RELIEF**
**BY PLAINTIFF AGAINST GUARANTY**
**BREACH OF IMPLIED WARRANTY--MAGNUSON-MOSS WARRANTY ACT**

**19.**  Plaintiff incorporates by reference all preceding paragraphs.

**20.**  Pursuant to 15 U.S.C. § 2301(7), the breaches by Defendant of the state-law implied warranty of merchantability as set forth above also constitute breaches of implied warranties pursuant to the Magnuson-Moss Act.

**21.**  Pursuant to 15 U.S.C. § 2310(d)(1), and because of said breaches of implied warranties, Plaintiff is entitled to the equitable remedies of rescission and restitution and/or damages. Plaintiff revokes acceptance, rescinds the contract, and claims full restitution.

**22.**  As a proximate result of the breaches of implied warranty, Plaintiff has sustained, and continue to sustain, damages, both economic and noneconomic, in the

approximate amount of $450,000.00.

**23.** Pursuant to 15 U.S.C. § 2310(d)(2), Plaintiff is entitled to attorney fees and expenses reasonably incurred in connection with this action.

**THIRD CLAIM FOR RELIEF**
**BY PLAINTIFF AGAINST GUARANTY**
**NEGLIGENCE**

**24.** At all times herein mentioned, Defendant was engaged in the business of manufacturing, designing, assembling, compounding, testing, inspecting, packaging, labeling, fabricating, constructing, analyzing, distributing, servicing, merchandising, recommending, advertising, promoting, marketing and selling the 2005 Country Coach Inspire, and its component parts, for sale and use by members of the general public.

**25.** At all times herein mentioned, Defendant so negligently, carelessly, recklessly and unlawfully modified the vehicle by improperly installing a satellite dish and solar panels upon the roof of the vehicle, so as to proximately cause the damages alleged herein.

**26.** As a direct and proximate result of the said negligence and carelessness of Defendant, the vehicle experienced a massive water leak at the time of or shortly after Plaintiff's purchase. The water leak caused substantial damage to the roof, walls, and other component parts contained in the vehicle.

**27.** As a result of the Defendant's negligence, Plaintiff has been damaged in an amount in excess of $450,000.00.

**PRAYER**

PLAINTIFF PRAYS for judgment against Defendant as follows:

1. For Plaintiff's damages in the amount of at least $450,000.00.
2. For restitution to Plaintiff in the amount of $450,000.00.
3. For any consequential and incidental damages.
4. For costs of the suit and Plaintiff's reasonable attorneys' fees pursuant to Civil Code § 1794(d) and 15 U.S.C. § 2310(d).
5. For prejudgment interest at the legal rate.

6. And for such other relief as the Court may deem proper.

Dated:      March 17, 2008          MAKLER & BAKER LLP


                                    /s/ Terry L. Baker
                                    TERRY L. BAKER
                                    Attorneys for Plaintiff


### DEMAND FOR JURY TRIAL

Plaintiff hereby demands trial by jury.

Dated:      March 17, 2008          MAKLER & BAKER LLP

                                    /s/ Terry L. Baker
                                    TERRY L. BAKER
                                    Attorneys for Plaintiff