Lawrence W. Miles, Jr.,( #95522)
larry@milesfirm.com
Brady D. McLeod (#205273)
brady@milesfirm.com
**THE MILES LAW FIRM**
3838 Watt Avenue, Suite C-301
Sacramento, CA. 95821
916-973-9674
Fax 916-973-9684

Attorney for Defendant
GUARANTY RV, INC.

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSE DIVISION**

| | |
|---|---|
| MARK HOUSTON,<br>Plaintiff,<br><br>vs.<br><br>GUARANTY RV., INC., a corporation,<br><br>Defendant. | Case No. 5:08-CV-01507-JW<br><br>**DEFENDANT GUARANTY RV, INC.'S NOTICE OF MOTION AND MOTION FOR MORE DEFINITE STATEMENT; MEMORANDUM IN SUPPORT PROPOSED ORDER [FRCP Rule 12(e)]**<br><br>Date: June 9, 2008<br>Time: 9:00 AM<br>Location: Courtroom 8<br><br>Judge: Hon. James Ware |

**NOTICE**

TO PLAINTIFF AND HIS COUNSEL OF RECORD:

PLEASE TAKE NOTICE THAT ON June 9, 2008, at 9:00 a.m., a hearing on Defendant GUARANTY RV, INC'S. ("Guaranty") Motion for a More

Definite Statement will be held in Courtroom 8, Floor 4, of the above entitled court located at 280 South 1st Street, San Jose, California.

**MOTION**

Guaranty moves the court for an order for more definite statement as to the negligence cause of action, pursuant to Rule 12(e) of the Federal Rules of Civil Procedure. This motion is based on this notice of motion, the following Memorandum of Points and Authorities, the pleadings on file in this matter, the reply memorandum Guaranty intends to file, and any further argument the Court might allow.

Dated: April 11, 2008

Respectfully Submitted,
**THE MILES LAW FIRM**

/s / Brady D. McLeod____
Brady D. McLeod
Attorneys for Defendant
Guaranty RV, Inc.

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Guaranty asks that the Court order a more definite statement pursuant to Rule 12(e) as to when the breach and negligence occurred. In the Complaint, Plaintiff Mark Houston ("Plaintiff"), alleges breach of implied warranty of merchantability under both federal and state law as well as a claim of negligence causing property damage against the Defendant Guaranty RV, Inc. ("Guaranty") based upon a water leak that caused damaged to the roof, walls, and other component parts in Plaintiff's 2005 County Coach Recreational Vehicle, ("Vehicle"). However, the Complaint does not provide a clear and concise factual statement as to when the alleged negligence occurred other than to state "at the time of or shortly after Plaintiff's purchase". (Complaint at ¶¶ 25 and 26).

Given that the statute of limitations for causing injury to personal property is three years within the State of California, a more definite statement is necessary in order for Guaranty to properly frame a responsive answer and its defenses. (*California Code of Civil Procedure* (CCP) § 338(c)) Guaranty accordingly moves under Rule 12(e) of the Federal Rules of Civil Procedure for a more definite statement.

///

## II. FACTUAL BACKGROUND

Guaranty is an Oregon corporation with its principal place of business in Junction City, Oregon and is organized and existing under the laws of the State of Oregon and authorized to do business in the State of California and is in good standing engaged in the business of selling and repairing recreational vehicles.

This case arises from the sale of a new 2005 Country Coach Inspire, VIN #4U7K6ES1251104652, ("Vehicle") to Plaintiff on or about January 31, 2005. The sale took place in Gilroy, California. At the time of sale, at Plaintiff's request, Guaranty installed solar panels and a satellite dish onto the Vehicle. Plaintiff filed his complaint on March 18, 2008, or more than three (3) years after the sale of the vehicle and the installation of the solar panels and satellite dish.

Given the fact that the Plaintiff's complaint was filed more than three (3) years after the date of the sale of the Vehicle and the installation of solar panels and satellite dish, Plaintiff's cause of action for negligence may be time barred pursuant to CCP §338 (c). As such, without a more definite statement, Guaranty will not be able to Guaranty to properly frame a responsive answer and its defenses.

///

///

## III. DEFENDANT IS ENTITLED TO MORE DEFINITE STATEMENT

The pleading rules are liberal, but a "plaintiff must disclose sufficient information to permit the defendant to have a fair understanding of what the plaintiff is complaining about." *Kittay v. Kornstein*, 230 F.3d 531, 541 (2d Cir. 2000). "Confusing complaints impose an unfair burden on litigants and judges." *McHenry v. Renne*, 84 F.3d 1172, 1179-80 (9th Cir. 1996).

Plaintiff purchased the Vehicle on January 31, 2008. Plaintiff alleges that the negligence occurred "at the time of or shortly after Plaintiff's purchase". (Complaint at ¶¶ 25 and 26). Plaintiff filed his Complaint on March 18, 2008, which is more than three (3) years after the date of sale and installation of the solar panels and satellite dish.

While Plaintiff's allegations do assert a time period for when the negligence occurred, that time period is not definite enough in order for Guaranty to properly frame a responsive answer and its defenses given the statute of limitations issue. *CCP* § 338(c).

## III. CONCLUSION

For the foregoing reasons, Defendant Guaranty respectfully requests that this Court order Plaintiff Mark Houston to provide a more definite statement, sufficient to enable Guaranty to know when the alleged cause of action for

negligence occurred in order for Guaranty to properly frame a responsive answer and defenses, including whether the cause of action for negligence is time barred.

Dated: April 11, 2008

Respectfully Submitted,
**THE MILES LAW FIRM**

/s / Brady D. McLeod
Brady D. McLeod
Attorneys for Defendant
GUARANTY RV, INC.

# CERTIFICATE OF SERVICE

I am, and was at the time the herein mentioned mailing took place, a citizen of the United States, over the age of eighteen (18) years and not a party to the above-entitled cause.

I am employed by The Miles Law Firm and my business address is 3838 Watt Avenue, Suite C-301, Sacramento, California, 95821.

On the date that this Certificate was executed, as shown below, I served the foregoing:

**DEFENDANT GUARANTY RV, INC.'S NOTICE OF MOTION AND MOTION FOR MORE DEFINITE STATEMENT; MEMORANDUM IN SUPPORT; PROPOSED ORDER [FRCP Rule 12(e)]**

by First Class Mail, postage prepared, at Sacramento, County of Sacramento, State of California to:

**Terry L. Baker**
Makler & Baker LLP
226 E. Canon Perdido Street, Suite J
Santa Barbara, CA 93101

Attorneys for Plaintiff
Mark Houston

I declare the above true under penalty of perjury. Executed on April 11, 2008, at Sacramento, California.

/s / Brady D. McLeod
Brady D. McLeod



Lawrence W. Miles, Jr.,( #95522)
larry@milesfirm.com
Brady D. McLeod (#205273)
brady@milesfirm.com
**THE MILES LAW FIRM**
3838 Watt Avenue, Suite C-301
Sacramento, CA. 95821
916-973-9674
Fax 916-973-9684

Attorney for Defendant
GUARANTY RV, INC.

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSE DIVISION**

MARK HOUSTON,
Plaintiff,

vs.

GUARANTY RV., INC., a corporation,

Defendant.

Case No. 5:08-CV-01507-JW

**[PROPOSED] ORDER FOR A MORE DEFINITE STATEMENT**

This matter came before the Court on June 9, 2008 on Defendant Guaranty RV, Inc.'s Motion for a More Definite Statement of the Complaint. The Court reviewed the parties' written submissions and oral argument and finds as follows:

1.) Plaintiff Mark Houston must make his negligence claim more definite in order to allow Defendant Guaranty to meaningfully respond.

Therefore, based upon the above findings and being fully advised in the premises, it is **ORDERED** that Defendant Guaranty RV, Inc.'s Motion for a More Definite Statement is **GRANTED.** Under Federal Rules of Civil Procedure 12(e), Plaintiff Mark Houston has 10 days from the date of this **ORDER** to file and serve an Amended Complaint to provide a more definite statement of the allegations presented in his claim for negligence.

Dated: ____________________

______________________________
Hon. James Ware
District Court Judge