IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| Mark Houston, | NO. C 08-01507 JW |
| Plaintiff, | **ORDER DENYING DEFENDANT'S MOTION FOR A MORE DEFINITE STATEMENT** |
| v. | |
| Guaranty RV, Inc., | |
| Defendants. | |

## I. INTRODUCTION

Mark Houston ("Plaintiff") brings this action against Guaranty RV, Inc. ("Defendant"), alleging, negligence and breach of implied warranty pursuant to both 15 U.S.C. § 2310 and California Civil Code § 1791.2. Plaintiff alleges, *inter alia*, that Defendant's improper installation of components to his recreational vehicle ("RV") proximately caused significant water damage.

Presently before the Court is Defendant's Motion for a More Definite Statement. (hereafter, "Motion," Docket Item No. 5.) The Court found it appropriate to take this matter under submission without oral argument. See Civ. L.R. 7-1(b). Based on the papers submitted to date, the Court DENIES Defendant's Motion for a More Definite Statement.

## II. BACKGROUND

In a Complaint filed on March 18, 2008, Plaintiff alleges as follows:

On January 31, 2005, Plaintiff purchased a 2005 Country Coach Inspire recreational vehicle from Defendant in Gilroy, California.[1]  (Complaint for Damages ¶ 4, hereafter,

---

[1] Location of the purchase of the RV was not provided in the Complaint, but rather, in the Defendant's motion. (See Motion at 4.)

"Complaint," Docket Item No. 1.)  The manufacturer of the vehicle is Country Coach, Inc. ("Country").  (Id. ¶ 4.)  Country created express written warranties in connection with the transaction which promised, *inter alia*, that the vehicle was defect free and that Country would provide remedies to maintain its utility and performance.  (Id. ¶ 5.)  Prior to the sale, Country installed a roof air conditioning unit, and Defendant installed a satellite dish and solar panels to the exterior of the RV.  (Id. ¶ 7.)

During the first year of Plaintiff's ownership, the vehicle proved unfit for its intended use.  (Id. ¶¶ 6, 7.)  Shortly after the purchase, a massive water leak substantially damaged the RV.  (Id. ¶ 26.)  The damage was caused by both Defendant and Country's improper installation of exterior components.  (Id. ¶ 7.)  Additionally and unrelated to the leak, the paint on the exterior proved to be defective.  (Id. ¶ 8.)

On the basis of the allegations outlined above, Plaintiff alleges three causes of action: (1) Breach of Implied Warranty pursuant to 15 U.S.C. § 2310 (Magnuson-Moss Warranty Act); (2) Breach of Implied Warranty pursuant to Cal. Civ. Code § 1791.2 (Song-Beverly Consumer Warranty Act); and (3) Negligence.

Presently before the Court is Defendant's motion for a more definite statement.

### III. DISCUSSION

Defendant moves for a more definite statement on the ground that the Complaint fails to specify when the alleged negligence occurred with sufficient detail to assert a statute of limitations defense.[2]  (Motion at 3.)

If a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, the party may move for a more definite statement before interposing a responsive pleading.  Fed. R. Civ. P. 12(e).  A motion for more definite statement, like a motion to dismiss for failure to state a claim, is viewed with disfavor

---

[2] To date, Plaintiff has failed to file any opposition to Defendant's motion.  See Civ. L.R. 7-3.  However, the court may rule on a motion for a more definite statement regardless of whether a plaintiff has filed an opposition.  See McMurray v. Merck & Co., No. C 07-1007 MMC, 2007 WL 1456042, at *1 (N.D. Cal. May 17, 2007).

2

1  and is rarely granted.  Cellars v. Pacific Coast Packaging. Inc., 189 F.R.D. 575, 578 (N.D. Cal.
2  1999).  "[T]he proper test in evaluating a motion under Rule 12(e) is whether the complaint provides
3  the defendant with a sufficient basis to frame his responsive pleadings."  Federal Sav. and Loan Ins.
4  Corp. v. Musacchio, 695 F. Supp. 1053, 1060 (N.D. Cal. 1988) (citing Famolare Inc. v. Edison Bros.
5  Stores, Inc., 525 F. Supp. 940, 949 (E.D. Cal. 1981)).

6  Pursuant to Rule 8(a)(2) of the Federal Rule of Civil Procedure, "A pleading which sets forth
7  a claim for relief . . . shall contain . . . a short and plain statement of the claim showing that the
8  pleader is entitled to relief . . . ."  Thus, a court should grant a motion for a more definite statement
9  where "one cannot determine from the complaint who is being sued, for what relief, and on what
10 theory, with enough detail to guide discovery."  McHenry v. Renne, 84 F.3d 1172, 1178 (9th Cir.
11 1996).  When details like time and place averments can be clarified through the discovery process, a
12 court may deny a motion for a more definite statement.  Babcock & Wilcox, Co. v. McGriff, Siebels
13 & Williams, Inc., 235 F.R.D. 632, 634 (E.D. La. 2006); see Swierkiewicz v. Sorema, N.A., 534 U.S.
14 506, 512 (2002).

15 Since the Defendant's main issue with the current Complaint is that it does not provide
16 Defendant with specific the time that the alleged negligence occurred, the Court focuses on the
17 relevant dates alleged in the Complaint.  The Court finds the Complaint clearly alleges that the
18 defective components were installed by the date of sale on January 31, 2005.  (See Complaint ¶¶ 4,
19 7.)  Thus, this information is sufficient for Defendant to assert any applicable statute of limitations
20 defense.  Further ambiguities relevant to Defendant's statute of limitations defense may be explored
21 via discovery.

22 Accordingly, the Court finds that Plaintiff has satisfied the federal pleading requirement of a
23 short, definite statement which provides Defendant with sufficient notice to form a response.

### IV.  CONCLUSION

25 The Court DENIES Defendant's Motion for a More Definite Statement.
26 In light of this Order, the hearing on the motion presently scheduled for June 9, 2008 is
27 VACATED.

3

1       The Court advances the Case Management Conference presently set on September 22, 2008
2 to **June 30, 2008 at 10 a.m.**  On or before **June 20, 2008**, the parties shall file a Joint Case
3 Management Statement.  The Statement shall include a good faith discovery plan with a proposed
4 date for the close of all discovery.

6 Dated: June 4, 2008             _____
                                               JAMES WARE
7                                                United States District Judge

**United States District Court**
For the Northern District of California

4

**THIS IS TO CERTIFY THAT COPIES OF THIS ORDER HAVE BEEN DELIVERED TO:**

Brady D. McLeod brady@milesfirm.com
Terry L. Baker tbaker@consumerlawgroup.net

**Dated: June 4, 2008**                                **Richard W. Wieking, Clerk**

                                       **By:   /s/ JW Chambers**
                                            **Elizabeth Garcia**
                                            **Courtroom Deputy**

**United States District Court**
For the Northern District of California