Lawrence W. Miles, Jr. (#95522)
Brady D. McLeod (#205273)
**THE MILES LAW FIRM**
3838 Watt Ave., Suite 301
Sacramento, CA 95821
916-973-9674

Attorneys for Defendant
GUARANTY RV, INC.

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK HOUSTON, | Case No. C08 01507-JW |
| Plaintiff, | |
| vs. | **ANSWER OF DEFENDANT GUARANTY RV, INC. TO COMPLAINT** |
| GUARANTY RV., INC., a corporation, | |
| Defendant. | |

### ANSWER TO COMPLAINT

COMES NOW Defendant GUARANTY RV, INC., an Oregon corporation, hereafter referred to as "Guaranty", by and through its counsel, and for its Answer to the Complaint (hereafter "Complaint") filed by MARK HOUSTON, (hereafter "Plaintiff"), hereby makes the following admissions, denials, averments, and affirmative defenses:

1. For its response to Paragraph 1 of the Complaint, Guaranty states that

Plaintiff purports to invoke jurisdiction pursuant to 28 U.S.C. §1331 and supplemental jurisdiction pursuant to 28 U.S.C. §1367. Guaranty admits this Court would have jurisdiction pursuant to 28 U.S.C. §1331, as Plaintiff has alleged claims under 15 U.S.C. §2301 et seq. Further, Guaranty admits that this Court has supplemental jurisdiction pursuant to 28 U.S.C. §1367. Guaranty demands a Jury Trial.

2.     For its response to Paragraph 2 of the Complaint, Guaranty admits for purposes of the Complaint that the word "Plaintiff" shall refer to Plaintiff Mark Houston. Except as admitted, Guaranty denies each and every allegation contained in Paragraph 2.

3.     For its response to Paragraph 3 of the Complaint, Guaranty admits for purposes of the Complaint that the word "Guaranty" shall refer to Defendant Guaranty RV, Inc. Except as admitted, Guaranty denies each and every allegation contained in Paragraph 3.

**FIRST CAUSE OF ACTION**

BY PLAINTIFF AGAINST GUARANTY
BREACH OF IMPLIED WARRANTY-SONG BEVERLY CONSUMER
WARRANTY ACT

4.     For its response to Paragraph 4 of the Complaint, Guaranty admits the allegations contained in Paragraph 4.

5.     For its response to Paragraph 5 of the Complaint, Guaranty is without

sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 5 and on that basis denies same.

6. For its response to Paragraph 6 of the Complaint, Guaranty admits that the box indicating that the primary use for which Plaintiff was purchasing the vehicle was for personal, family or household purposes was checked on the Retail Installment Sale Contract, however, Guaranty lacks sufficient information and belief as to whether Plaintiff in fact used the vehicle primarily for those purposes and on that basis denies same. Except as admitted, Guaranty denies each and every allegation contained in Paragraph 6.

7. For its response to Paragraph 7 of the Complaint, Guaranty denies that during the first year of Plaintiff's ownership of the vehicle that it was unfit for the purposes for which it was intended and denies that it would not pass without objection in the trade. Guaranty further denies that the vehicle contained defects such as improperly installed satellite dish or solar panels which allowed water to intrude into the vehicle causing substantial damage to the vehicle. Except as admitted, Guaranty denies each and every allegation contained in Paragraph 7.

8. For its response to Paragraph 8 of the Complaint, Guaranty lacks sufficient information and belief as to the allegations contained in Paragraph 8 and on that basis denies same.

9. For its response to Paragraph 9 of the Complaint, Guaranty admits the

allegation contained in Paragraph 9.

10.  For its response to Paragraph 10 of the Complaint, Guaranty admits the allegation contained in Paragraph 10.

11.  For its response to Paragraph 11 of the Complaint, Guaranty admits the allegation contained in Paragraph 11.

12.  For its response to Paragraph 12 of the Complaint, Guaranty admits the allegation contained in Paragraph 12.

13.  For its response to Paragraph 13 of the Complaint, Guaranty lacks sufficient information and belief as to the allegations contained in Paragraph 13 and on that basis denies same.

14.  For its response to Paragraph 8 of the Complaint, Guaranty lacks sufficient information and belief as to the allegations contained in Paragraph 8 and on that basis denies same.

15.  For its response to Paragraph 15 of the Complaint, Guaranty denies the allegations contained in Paragraph 15.

16.  For its response to Paragraph 16 of the Complaint, Guaranty denies the allegations contained in Paragraph 16, as Plaintiff may only bring an action for recovery of damages, but is not "entitled to restitution."

17.  For its response to Paragraph 17 of the Complaint, Guaranty lacks sufficient information and belief as to the allegations contained in Paragraph 17

and on that basis denies same.

18. For its response to Paragraph 18 of the Complaint, Guaranty denies the allegations contained in Paragraph 18, as Plaintiff must prevail first under Civil Code §1794(d), before Plaintiff is entitled to attorney's fees.

## SECOND CAUSE OF ACTION

BY PLAINTIFF AGAINST GUARANTY
BREACH OF IMPLIED WARRANTY-MAGNUSON-MOSS WARRANTY ACT

19. For its response to Paragraph 19 of the Complaint, Guaranty does not have sufficient information or belief as to the allegations contained in Paragraph 19, and on that basis denies same.

20. For its response to Paragraph 20 of the Complaint, Guaranty denies that it breached the state-law for implied warranty of merchantability. Further, Guaranty does not have sufficient information or belief as to the remaining allegations contained in Paragraph 20, and on that basis denies same.

21. For its response to Paragraph 21 of the Complaint, Guaranty denies that it breached any implied warranties of merchantability and on that basis must deny that "Plaintiff is entitled to the equitable remedies of rescission and restitution and/or damages." Further, Guaranty does not have sufficient information or belief as to the remaining allegations contained in Paragraph 21, and on that basis denies same.

22. For its response to Paragraph 22 of the Complaint, Guaranty does not have sufficient information or belief as to the allegations contained in Paragraph 22, and on that basis denies same.

23. For its response to Paragraph 23 of the Complaint, Guaranty denies the allegations contained in Paragraph 23, as Plaintiff must prevail first under 15 U.S.C. §2310(d)(2), before Plaintiff is entitled to attorney's fees.

## THIRD CAUSE OF ACTION

### BY PLAINTIFF AGAINST GUARANTY
### NEGLIGENCE

24. For its response to Paragraph 24 of the Complaint, Guaranty denies the allegations contained in Paragraph 24.

25. For its response to Paragraph 25 of the Complaint, Guaranty denies the allegations contained in Paragraph 25.  Further, Guaranty asserts that Plaintiff failed to bring his claim for negligence in a timely manner and therefore is barred by the statute of limitations.

26. For its response to Paragraph 26 of the Complaint, Guaranty denies that it was negligent or careless or that it caused any water leak at the time of or shortly after Plaintiff's purchased of the vehicle. Guaranty does not have sufficient information or belief as to the remaining allegations contained in Paragraph 26, and on that basis denies same.

27. For its response to Paragraph 27 of the Complaint, Guaranty denies

the allegations contained in Paragraph 27.

### FIRST AFFIRMATIVE DEFENSE

28. Plaintiff's Complaint fails to facts sufficient to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

29. Plaintiff has failed to join a necessary or indispensable party as a Defendant and the action should therefore be dismissed or an order requiring joinder of such party entered.

### THIRD AFFIRMATIVE DEFENSE

30. Plaintiff has failed to perfect service on Guaranty.

### FOURTH AFFIRMATIVE DEFENSE

31. Plaintiff has failed to mitigate his damages, if any.

### FIFTH AFFIRMATIVE DEFENSE

32. If Plaintiff sustained any damages as alleged in the Complaint, that damage was proximately caused and contributed to by Plaintiff in failing to conduct himself in a manner ordinarily expected of reasonably prudent persons in the conduct of their affairs and business. The contributory negligence and fault of Plaintiff diminish any recovery herein.

### SIXTH AFFIRMATIVE DEFENSE

33. Plaintiff has failed to join all persons and entities necessary for a full

and just adjudication of each cause of action asserted in the complaint, and Guaranty alleges that if Plaintiff sustained any injury, it was caused, in whole or in part, by the negligence or wrongful conduct of other persons or entities who were not named as defendants in the complaint.

### SEVENTH AFFIRMATIVE DEFENSE

34. Plaintiff's causes of action for breach of express and implied warranties and incidental and consequential damage are barred or limited by the express disclaimers and limitations of liability contained in the alleged express warranties or other agreements made by Guaranty. These disclaimers bar or limit Plaintiff's recovery herein.

### EIGHTH AFFIRMATIVE DEFENSE

35. Any cause of action alleged in the complaint is barred by the statute of limitations, whether contained in Code of Civil Procedure, sections 337, 338, 339, 340, 343, Commercial Code section 2725, Guaranty's warranty, Civil Code Section 1783, or otherwise.

### NINTH AFFIRMATIVE DEFENSE

36. Guaranty is informed and believes and based thereon alleges that Plaintiff has engaged in conduct and activity sufficient to estop him from asserting all or any party of any claim set forth in his complaint.

## TENTH AFFIRMATIVE DEFENSE

37. Guaranty is informed and believes and based thereon alleges that Plaintiff's claims and relief sought are barred by reason of the doctrine of unclean hands.

## ELEVENTH AFFIRMATIVE DEFENSE

38. Guaranty is informed and believes and based thereon alleges that Plaintiff has engaged in conduct and activities sufficient to constitute a waiver of any alleged breach of contract, breach of warranty, negligence or any other conduct as set forth in the complaint.

## TWELFTH AFFIRMATIVE DEFENSE

39. Guaranty is informed and believes and based thereon alleges that Plaintiff waited an unreasonable period of time to complain of the alleged acts or omissions at issue in the complaint so as to prejudice Guaranty. Plaintiff is therefore guilty of laches and barred from recovery.

## THIRTEENTH AFFIRMATIVE DEFENSE

40. Guaranty is informed and believes and based thereon alleges that any failure to perform the obligations as described in the complaint resulted from Plaintiff's failure to perform as required by the contract and/or warranty. Performance on Plaintiff's part of his obligations was a condition precedent to the performance of Guaranty's obligations.

### FOURTEENTH AFFIRMATIVE DEFENSE

41. The Recreational Vehicle was not defective or in an unmerchantable condition at any time when it left the possession, custody and control of Guaranty. Any damage to the Recreational Vehicle was caused and created by changes and alterations made to the Recreational Vehicle, subsequent to the time of the Recreational Vehicle's sale, by persons other than Guaranty or any of its agents, servants, or employees, thereby barring Plaintiff's recovery therein.

### FIFTEENTH AFFIRMATIVE DEFENSE

42. The complaint fails to state sufficient facts to warrant the imposition of a civil penalty.

### SIXTEENTH AFFIRMATIVE DEFENSE

43. Guaranty did not manufacture, warrant, or distribute the Recreational Vehicle.

### SEVENTEENTH AFFIRMATIVE DEFENSE

44. Plaintiff is barred from recovery by virtue of Civil Code Section 1794.3, and other laws, since the claimed defects or nonconformities were caused by the unauthorized or unreasonable use of the Recreational Vehicle following sale.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

45. Plaintiff has waived his right to seek restitution or rescission-type

damages against Guaranty as a matter of law, or, as an alternative, Guaranty is entitled to an equitable setoff for use of the Recreational Vehicle.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

46. Plaintiff failed to properly revoke acceptance by either failing to notify within a reasonable amount of time and/or before substantially altering or changing the product.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

47. Plaintiff's complaint fails as a matter of law due to his failure to provide notice and give Guaranty an opportunity to cure any alleged defects or non-conformities.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

48. Plaintiff's complaint fails as a matter of law due to his use of the Recreational Vehicle for business purposes and/or the Recreational Vehicle is not a consumer good and is normally used for business purposes.

## PRAYER

WHEREFORE, Defendant, Guaranty RV, Inc. prays as follows:

1. That Plaintiff takes nothing by way of his Complaint;

2. That Guaranty recover from Plaintiff its cost of suit incurred herein, reasonable attorney's fees, and expert witness fees; and

3.     For such further relief as the Court deems just and proper at law or in equity.

DATED: June 13, 2008                    Respectfully Submitted,
                                        **THE MILES LAW FIRM**


                                        /s /  Brady D. McLeod
                                        Brady D. McLeod
                                        Attorneys for Defendant
                                        Guaranty RV, Inc.

---

**DEFENDANT'S ANSWER TO THE COMPLAINT**        12
MARK HOUSTON V. GUARANTY RV, INC.
Case No.: 5:08-CV-01507-JW

# **DECLARATION OF MAILING**

     I am, and was at the time the herein mentioned mailing took place, a citizen of the United States, over the age of eighteen (18) years and not a party to the above-entitled cause.

I am employed by The Miles Law Firm and my business address is 3838 Watt Avenue, Suite C-301, Sacramento, California, 95821.

On the date that this Declaration was executed, as shown below, I served the foregoing:

**ANSWER OF DEFENDANT GUARANTY RV, INC. TO COMPLAINT**

by First Class Mail, postage prepared, at Sacramento, County of Sacramento, State of California to:

| | |
|---|---|
| **Terry L. Baker** | Attorneys for Plaintiff |
| Makler & Baker LLP | Mark Houston |
| 226 E. Canon Perdido Street, Ste. J | |
| Santa Barbara, CA 93101 | |

     I declare the above true under penalty of perjury.  Executed on June 13, 2008, at Sacramento, California.

                                                    /s / Betty Thomas

                                                    Betty Thomas