**MAKLER & BAKER LLP**
TERRY L. BAKER  (SBN 214365)
226 E. Canon Perdido Street, Suite J
Santa Barbara, CA 93101
Tel:    (805) 965-4651
Fax:    (805) 965-4671

Attorneys for Plaintiff
MARK HOUSTON

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK HOUSTON, | Case No. 08-01507 JW |
| Plaintiff, | **JOINT CASE MANAGEMENT STATEMENT** |
| vs. | |
| GUARANTY RV, INC., | |
| Defendant. | |

The parties to the above-entitled action jointly submit this Case Management Statement and Proposed Order and request the Court to adopt it as its Case Management Order in this case.

1.   **Jurisdiction and Service:** This Court has original jurisdiction over this matter pursuant to 28 U.S.C. § 1331, because the action alleges claims pursuant to 15 U.S.C. § 2310. The Court has jurisdiction over the supplemental state law claims pursuant to 28 U.S.C. § 1367.  The only defendant named has been served and has appeared.

2.   **Facts:**  On or about January 31, 2005, plaintiff purchased a 2005 Country Coach Inspire, VIN #4U7K6ES1251104652 ("vehicle"), which was impliedly warranted by defendant.  Prior to plaintiff's purchase, Guaranty RV installed a satellite dish and a solar panel on the roof of the vehicle.  Shortly after plaintiff's purchase, the vehicle experienced a water leak to the extent that water intruded into the living portion of the

---
*Houston v. Guaranty RV, Inc.*                   -1-                   JOINT CMC STATEMENT

vehicle through the roof air conditioning ducts, lights, and walls. The manufacturer of the vehicle claims that the leak was caused by Guaranty RV's negligent installation of the aftermarket accessories. Guaranty RV disputes the allegations.

3. **Legal Issues:**: There is a dispute as to whether the defendant violated the Song-Beverly Consumer Warranty Act (Cal. Civil Code section 1791 et seq.) or the Magnuson-Moss Warranty Act. (15 U.S.C. section 2301 et seq.). Plaintiff contends that the vehicle was unmerchantable at the time of sale. The primary defects alleged are a water leak through the roof of the vehicle and defective paint.

Plaintiff further alleges that the defendant negligently installed a satellite dish and solar panels prior to plaintiff's purchase which allowed rain water to intrude into the vehicle causing damage.

Defendant denies plaintiff's allegations.

4. **Motions:** Defendant filed a Motion for More Definite Statement pursuant to FRCP 12(e). The Court denied the motion without prejudice on June 4, 2008. Defendant intends to file a motion for summary judgment as to each of plaintiff's causes of action.

5. **Amendment of Pleadings:** The parties do not anticipate any amendments to the pleadings.

6. **Evidence Preservation**: Not applicable.

7. **Disclosures:** The parties have not had an opportunity to engage in a Rule 26(f) conference. The Court initially set the case management conference for September 22, 2008. On June 4, 2008, at 4:18 p.m., in its Order Denying Defendant's Motion for More Definite Statement, the Court unexpectedly advanced the case management conference to June 30, 2008. This advancement of the conference essentially gave the parties two business days to conduct the Rule 26(f) conference. Counsel for defendant was in Miami, Florida from June 4, 2008, through June 8, 2008. Because the parties have not had an opportunity to conduct a Rule 26(f) conference, no disclosures have been made, but the parties have stipulated that all Rule 26(a) initial disclosures will be made by

June 30, 2008.

    8.    **Discovery:** No discovery has been taken to date in this action. Initial disclosures will be made by June 30, 2008. Additional anticipated discovery includes deposition of the plaintiff and a Rule 30(b)(6) deposition of defendant. The parties do not believe any modifications or limitations to the discovery rules need to be made.

The parties believe that non-expert discovery can be completed by October 31, 2008. The parties believe that expert discovery can be completed by December 31, 2008.

    9.    **Class Actions:** Not applicable.

    10.    **Related Cases:** Currently pending in United States District Court, Northern District of California is *Houston v. Country Coach, Inc.*, Case No. C 07-00859 HRL. That action was tried to the bench the last week of April of 2008. That action involves the vehicle that is the subject of this action and the manufacturer of the vehicle. The parties to that action are currently awaiting Judge Howard Lloyd's findings of fact and conclusions of law.

Plaintiff is of the position that the ruling in that action will most likely be determinative of the defendant's liability in this action. Essentially, if the plaintiff prevails in that action, this action is rendered moot.

    11.    **Relief:** Defendant seeks a dismissal with prejudice in its favor and/or a judgment in its favor. Plaintiff seeks rescission of the purchase transaction and damages. Plaintiff further seeks attorney fees and costs. Plaintiff seeks the contract price of the vehicle in the amount of $451,237.00 less any unpaid interest in exchange for the unit.

    12.    **Settlement and ADR**: This action is entirely dependent on the outcome of the *Houston v. Country Coach* matter identified in subsection 10. To date, the parties have done limited work on this matter hopeful that the ruling in the *Houston v. Country Coach* will be issued forthwith. Should the ruling issued in the related matter not resolve this matter in its entirety, the parties will discuss ADR options at that point.

    13.    **Consent to Magistrate Judge For All Purposes:** The parties consent to a

---

1 Magistrate Judge for all purposes.

2     14.    **Other References:** The parties are of the position that this action is not
3 suitable for any other referrals.

4     15.    **Narrowing of Issues**: As stated above, the parties expect the Honorable
5 Howard Lloyd to issue findings of fact and conclusions of law based on the evidence and
6 arguments submitted at the trial of the related matter.  Judge Lloyd's ruling will narrow
7 the issues tremendously and will have legal effect.

8     16.    **Expedited Schedule:** The parties are uncertain how to respond to this
9 subsection as the parties are awaiting Judge Lloyd's ruling in the related matter and have
10 no control of the timing of said ruling.

11     17.    **Scheduling:**

12     a.    Expert Designation:    November 14, 2008
13     b.    Supplemental Expert Designation:    December 2, 2008
14     c.    Discovery Cutoff -   Non-Expert    October 31, 2008
15     Expert    December 31, 2008
16     d.    Dispositive Motion Deadline:    January 30, 2009
17     e.    Pretrial Conference    March 2, 2009
18     f.    Trial    March 16, 2009

19     18.    **Trial:** Plaintiff has demanded a trial by jury.  The parties anticipate that the
20 trial will last 3-5 days.

21     19.    **Disclosure of Non-party Interested Entities or Persons:** By the date of
22 the case management conference, each party will have filed a certification of no interested
23 entities or persons.

24     20.    **Other:** The parties seek to have the case management conference continued
25 indefinitely pending Judge Lloyd's ruling in the related case.  Upon issuance of Judge
26 Lloyd's ruling, plaintiff's counsel agrees to notify defendant's counsel and the court of
27 the issuance of the ruling and request a case management conference date.
28 ///

---

*Houston v. Guaranty RV, Inc.*    -4-    JOINT CMC STATEMENT

1  ///

2  ///

3

4  Dated:       June 18, 2008              MAKLER & BAKER LLP

5

6

7                                          /s/ Terry L. Baker
                                           TERRY L. BAKER
8                                          Attorneys for plaintiff

9
   Dated:       June 18, 2008              THE MILES LAW FIRM
10

11

12                                         /s/ Brady D. Mcleod
                                           BRADY D. MCLEOD
13                                         Attorneys for defendant

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

_____